**Dick AUSTIN, Plaintiff in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

**No. A–12088.**

Criminal Court of Appeals of Oklahoma.

Feb. 9, 1955.

Ralph Myers, Jr., El Reno, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, Presiding Judge.

Dick Austin was convicted in the District Court of Canadian County for the crime of operating a motor vehicle on the public highway while under the influence of intoxicating liquor, a second and subsequent offense, and was sentenced to serve a term of two years in the penitentiary.

The sole issue presented on the appeal is the contention that the judgment and sentence was excessive.

The guilt of the accused is evident. The evidence shows that the accused drove a red pickup truck at least three and one-half blocks in the City of El Reno on Choctaw Street, and that he collided with a vacant car belonging to one Harris which was parked in front of the Crystal Cleaners. He struck the Harris automobile with sufficient force that it was driven upon the sidewalk. Fortunately no one was in the automobile and there were no casualties from the drunken driving exhibited by the accused. The proof is conclusive that the accused was intoxicated.

The record also discloses that about four years previously he had plead guilty to driving an automobile while intoxicated and had been sentenced to serve 20 days in the county jail.

The jury returned a verdict finding the accused guilty but were unable to agree on the punishment to be assessed and left it to be fixed by the trial court.

At the time sentence of two years imprisonment in the penitentiary was pronounced, there was no showing of additional facts in aggravation or mitigation of the offense.

■ One of the questions which causes deepest concern in the courts is the proper amount of punishment which should be meted out to each offender. We are certainly in accord with the motive which evidently impelled the trial court to give the accused a penitentiary sentence. Fortunately no one was injured because of his driving. Both drunken driving and reckless driving have reached such proportions that stern measures should be adopted to combat them. No yardstick can be used which will apply to every case as the proper punishment to be administered in each case necessarily depends upon the facts of each particular case. We are forced to conclude from the facts in this particular case that the accused is deserving of a penitentiary sentence but that the sentence of two years was excessive and should be reduced to one year in the state penitentiary. We hope that this will be a sufficient punishment to the accused to reform him so that upon his release from the penal institution he will not again drive an automobile while in an intoxicated condition or better yet, that he will refrain from any further use of intoxicants and thus avoid any temptation to drive while he is intoxicated.

It is therefore ordered that the judgment and sentence of the District Court of Canadian County be modified by reducing the sentence from two years in the state penitentiary to a term of one year in the state penitentiary and the judgment and sentence as thus modified is affirmed.

POWELL and BRETT, JJ., concur.